**In the Matter of Bradley R. COURY, Respondent.**

No. 86–849.

District of Columbia Court of Appeals.

Submitted Nov. 24, 1986.

Decided May 22, 1987.

Bradley C. Coury, pro se.

Michael S. Frisch, Asst. Bar Counsel, Washington, D.C.

Before PRYOR, Chief Judge, STEADMAN, Associate Judge, and PAIR, Senior Judge.

PER CURIAM:

Before us is a reciprocal discipline case. By order dated July 30, 1985, respondent was suspended in Virginia for seven years from the practice of law for repeated personal use of a client's trust fund. Acting under our provision for reciprocal discipline, D.C. Bar R. XI, § 18, the Board on Professional Responsibility recommends that we impose an identical sanction, to run concurrently with his Virginia suspension. Respondent does not contest the recommendation.

This could have been a troublesome case. When we are imposing reciprocal discipline in its pure form, this court is required to impose "identical discipline" to that imposed by the other disciplining state. D.C. Bar R. XI, § 18(5); *In re Brickle*, 521 A.2d 271, 273 (D.C.1987). This is so even though the form of the discipline is one not provided for in the choice of sanctions provided for in D.C. Bar R. XI, § 3, that are available in disciplinary proceedings undertaken in the District in the first instance. *See In re Branham*, No. 86–124 (D.C. Oct. 31, 1986) (license revoked, with leave to apply for reinstatement at any time upon a showing of fitness to resume the practice of law); *In re J.F.M.*, No. 86–50 (D.C. May 20, 1986) (court approved Board's confidential official reprimand); *In re Rosen*, No. M–69(81) (D.C. Nov. 20, 1981) (per curiam) (public "reprimand" by this court). In each instance, the sanction imposed, although not strictly conforming to our disciplinary scheme, was functionally equivalent to one that we might have imposed had the case arisen before us in the first instance. By adopting the terminology and form of discipline imposed by our sister jurisdiction, without significant difference in practical effect upon the disciplined attorney, we were cognizant of the desirability of avoiding "inconsistent disposition involving identical conduct by the same attorney." *In re Velasquez*, 507 A.2d 145, 147 (D.C.1986) (per curiam).

However, under our rules, we are not to impose "identical discipline" where we find that clearly "the misconduct established

warrants substantially different discipline in this jurisdiction." D.C. Bar R. XI, § 18(5)(d). This provision may be invoked where the foreign sanction, whatever its form, is effectively either significantly heavier or lighter than that which we would impose for the same misconduct. *See, e.g., In re Brickle, supra* (intentional misappropriation of funds would result in disbarment in D.C. for minimum of five years; Virginia sanction of revocation, with right to apply for reinstatement at any time "substantially different" and therefore rejected). Thus, in the case before us, Virginia imposed a seven-year suspension upon respondent. Our disciplinary system has no provision for a seven-year suspension. On the contrary, in this jurisdiction no suspension may be ordered for a specific period in excess of five years. D.C. Bar. R. XI, § 3(2). Furthermore, even with disbarments, an attorney may apply for reinstatement after five years, *id.* § 21(2), unless disbarred for conviction of an offense involving moral turpitude. *In re Kerr*, 424 A.2d 94 (D.C.1980) (en banc).

Therefore, we might here have been faced squarely with the issue whether a seven-year suspension is "substantially different" from a five-year disbarment. The Board concluded that the two sanctions were not "substantially different" within the meaning of D.C. Bar. R. XI, § 18(5)(d), a proposition with which we might have taken issue. However, since respondent has filed an affidavit certifying that he has not practiced law within the District of Columbia subsequent to the Virginia suspension, the Board has recommended that

the D.C. sanction run concurrently *nunc pro tunc* with the Virginia suspension, which commenced on or prior to July 30, 1985.[1] *See In re Goldberg*, 460 A.2d 982 (D.C.1983). Respondent enters no objection to such an action.

A seven-year suspension at this time with retroactive application of almost two years is in practice close to a five-year suspension imposed with prospective effect only, which we could plainly do under our own disciplinary scheme. *See In re Willcher*, 404 A.2d 185 (D.C.1979). Thus, on the facts of this case, the entry of an order suspending respondent *nunc pro tunc* for seven years will apply here a sanction functionally equivalent to that which would be both possible and warranted under the sanction scheme provided for by our Rules for disciplinary cases first initiated in the District. Adopting in this manner the "identical discipline" as that imposed by the foreign jurisdiction does not·in practice result in a "substantially different" sanction here. Accordingly, it is

ORDERED that respondent Bradley R. Coury is suspended from the practice of law in the District of Columbia for seven years, commencing *nunc pro tunc* on July 30, 1985.

*So ordered.*

---

1. Some ambiguity exists as to the precise commencement date of the Virginia suspension. The court order imposing the suspension is dated July 30, 1985. However, its provisions state that the license of Bradley R. Coury to practice law is "suspended for a period of seven years, effective May 17, 1985." At another point in the order, it is provided that the "execution of the seven-year suspension shall be stayed for a period of thirty (30) days, beginning May 17, 1985." To avoid any ambiguity in our order, we will provide that the seven-year suspension in the District will be measured from July 30, 1985.