In re Susan L. ARNETT, Respondent,
A Member of the Bar of the District
of Columbia Court of Appeals.

No. 88–1143.

District of Columbia Court of Appeals.

Submitted June 15, 1989.
Decided June 22, 1989.*

Robert E. Morin, Washington, D.C., for respondent.

Thomas E. Flynn, Bar Counsel, and Michael S. Frisch, Asst. Bar Counsel, for Office of Bar Counsel, and J. Randolph Wilson, Chair of Bd. on Professional Responsibility, Washington, D.C.

Before BELSON and STEADMAN, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

Respondent Susan L. Arnett is an attorney admitted to the bars of both the District of Columbia and the State of Hawaii. This court directed the Board on Professional Responsibility (hereinafter Board) to recommend whether reciprocal discipline should be imposed upon respondent in light of her suspension for six months from practice in Hawaii for misconduct. The Board recommends that reciprocal discipline be imposed, including the requirement that respondent prove her fitness for reinstatement in the District of Columbia Bar by clear and convincing evidence. Respondent does not oppose the Board's recommendation, and we adopt it.[1] Since the respondent has filed an affidavit stating that she has not practiced in the District of Columbia during her suspension in Hawaii, the suspension will be imposed *nunc pro tunc* to run concurrently with the respondent's suspension there.

The Supreme Court of Hawaii suspended respondent from practice because of multiple violations of disciplinary rules spanning approximately five years and consisting of gross neglect and intentional failure to assist her clients. The Hawaii Hearing Committee found three factors which mitigated respondent's conduct: 1) she was suffering from a dissociative disorder which caused her to dissociate herself from her past, including her professional relationships with clients; 2) her performance as Deputy Public Defender was rated favorably by her peers; and 3) she agreed to allow the Office of Public Defender to monitor her performance.

District of Columbia Bar Rule XI § 18(5) provides that unless Bar Counsel or a re-

---

* The disposition of this case was issued originally in the form of a Memorandum Opinion and Judgment on June 22, 1989, and is being published upon this court's grant of the motion of the Board on Professional Responsibility for publication of opinion.

1. Respondent requested of the Board that she be automatically reinstated in this jurisdiction when she is reinstated in Hawaii, *i.e.*, that she not be required to establish her fitness to practice law before the Board in addition to doing so before Hawaiian authorities. The Board's rec-

ommendation that this request be denied is persuasive. This court does not adopt summarily even the recommendation of its own Board regarding reinstatement. *See In re Roundtree,* 503 A.2d 1215, 1217 (D.C.1985). Thus, summary reinstatement based on another jurisdiction's decision that the attorney is fit to resume the practice of law would be unwarranted. This court reserves that decision to itself; it will be based on a proceeding before the Board at a later date.

spondent attorney establishes that one of five specifically enumerated elements exists, reciprocal discipline is required. Further, in reciprocal discipline cases, identical discipline is generally to be imposed. *In re Coury,* 526 A.2d 25 (D.C.1987). We agree with the Board that misconduct of the type and duration involved here would most likely result in a suspension for a year and a day in this jurisdiction. *See In re Jones,* 544 A.2d 695, 699 (D.C.1988); *In re Roundtree,* 467 A.2d 143, 149 (D.C.1983). An important aspect, however, of a year and a day suspension under the rule currently in effect is that only upon a suspension for more than a year is proof of fitness by clear and convincing evidence required for reinstatement.[2] *See* Bar Rule XI, § 3(2) (1988). The existence of this rule explains why the court has imposed with some frequency the specific sanction of a year and a day as opposed to simply one year. In addition, as a practical matter, it takes six to twelve months after the expiration of the suspension for an attorney to actually be reinstated. Thus, a six-month suspension with a requirement that respondent prove her fitness for practice is "roughly equivalent" to the sanction that would have been imposed in the District of Columbia, and the imposition of reciprocal discipline upon respondent is justified. *See In re Coury, supra.*

Accordingly, we adopt the Report and Recommendation of the Board.[3] The Clerk shall enter an appropriate order effecting the imposition of discipline.

---

**2.** The rule in effect at the time this opinion originally issued as a Memorandum Opinion and Judgment on June 22, 1989, has since been amended. Effective September 1, 1989, the submission of proof sufficient to establish fitness by clear and convincing evidence can be made a condition of reinstatement following any period of suspension. Rule XI, § 3(a)(2).

**3.** One member of the Board dissented, suggesting that a two-year suspension was appropriate under the circumstances.