In re Daniel L. DOBSON, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 93–BG–651.

District of Columbia Court of Appeals.

Submitted Jan. 10, 1995.
Decided Feb. 9, 1995.

Before STEADMAN and RUIZ, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

Before us in a reciprocal disciplinary proceeding is a recommendation by the Board on Professional Responsibility that respondent be suspended for two years, with a requirement of a showing of fitness prior to reinstatement. D.C.Bar R. XI, §§ 11, 16. The Board made this recommendation after determining that the sanction of a six-month suspension with a like requirement of a showing of fitness, imposed by the Supreme Court of Minnesota on July 12, 1991, was "substantially different discipline" than

would be warranted in the District of Columbia for the underlying conduct. D.C.Bar R. XI, § 11(c)(4); *In re Drury*, 638 A.2d 60 (D.C.1994).

Respondent does not contest the recommendation of the Board and indeed has not participated in any manner whatsoever in this proceeding at any level.[1] Bar Counsel before us supports the recommendation of the Board. The misconduct of respondent was serious.[2] Moreover, he had three times previously been the subject of disciplinary proceedings. The issue of sanction was analyzed by the Board in the two-step procedural manner dictated by *In re Garner*, 576 A.2d 1356 (D.C.1990). In its recommended sanction, the Board relied upon the case of *In re Alexander*, 496 A.2d 244 (D.C.1985), in which a two-year suspension with an automatic requirement of a showing of fitness was imposed.[3] *See also In re Lenoir*, 585 A.2d 771 (D.C.1991).[4]

Further, respondent did not notify Bar Counsel of his Minnesota suspension, as required by D.C.Bar R. XI, § 11(b),[5] nor, following his interim suspension by this court on June 4, 1993, did he file the affidavit required by D.C.Bar R. XI, § 14(f) and by the interim suspension order itself, which, *inter alia*, renders him ineligible for retroactive imposition of sanction here. *See In re Slosberg*, 650 A.2d 1329 (D.C.1994).[6]

In light of all the foregoing, we accept the Board's recommendation and order that respondent Daniel L. Dobson be, and he hereby is, suspended from the practice of law in the District of Columbia for a period of two years from the date hereof, and shall be reinstated only upon the granting of a petition for reinstatement pursuant to D.C.Bar R. XI, § 16.[7]

*So ordered.*

---

1. The record does not reflect any defect in the giving of the requisite notices. Pursuant to our decision in *In re Drury, supra,* the Board on July 6, 1994, gave respondent specific notice that a greater sanction might be recommended and invited a reply. (Indeed, respondent had previously been sent a copy of the Board's report and recommendation, which was retrieved in order to give respondent the opportunity to reply in accordance with that case.) Nothing was forthcoming. We also note that attorneys admitted to our bar are obligated to keep the Secretary of the Bar informed of their current residence and office addresses. D.C. Bar R. II, § 2(1).

2. The Board's report notes that the Minnesota proceeding involved five charges of neglect, four of dishonesty, several of failure to communicate with a client, failure to cooperate with disciplinary counsel, and failure to return a client's file, and one count of practicing law during a period of suspension. By stipulation, respondent admitted all of the allegations of misconduct.

3. Under our rules in effect at that time, any suspension for more than a year carried with it an automatic requirement of a showing of fitness prior to reinstatement. D.C.Bar R. XI, § 21(5) (1985).

4. The Board distinguished *In re Arnett,* 565 A.2d 963 (D.C.1989) (imposing reciprocal discipline of six months with proof of fitness) on the grounds that the misconduct here was more serious than in that case and that the lawyer in *Arnett* had no record of prior discipline.

5. The Minnesota suspension came to Bar Counsel's attention only through a communication from the Minnesota Office of Lawyers Professional Responsibility dated April 9, 1993.

6. In actual fact, respondent's suspension in Minnesota continued at least eighteen months, since the Minnesota Supreme Court denied his petition for reinstatement on January 5, 1993, and as far as the record before us indicates, respondent is still suspended in that state.

7. Respondent's attention is again directed to D.C.Bar R. XI, § 14 and, *inter alia,* to § 16(c) (attorney not eligible for reinstatement until a period of time equal to the period of suspension shall have elapsed following the attorney's compliance with § 14, including the filing of the requisite affidavit).