**In re Barry J. CLYMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–267.**

District of Columbia Court of Appeals.

Submitted Nov. 21, 1996.

Decided Dec. 12, 1996.

Before SCHWELB and KING, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

On July 20, 1995, the Supreme Court of Florida suspended respondent Barry J. Clyman from practice in that jurisdiction for a period of ninety-one days, with reinstatement conditioned upon his proof of rehabilitation pursuant to the Florida disciplinary rules. Respondent was also placed on probation for a period of one year following reinstatement. On March 25, 1996, this court entered an order suspending Clyman from the practice of law in the District of Columbia pending final disposition and investigation.[1] On April 17, 1996, the Supreme Court of Florida issued an order reinstating Clyman, affirming a referee's findings that Clyman had established the criteria for reinstatement in Florida. The Board on Professional Responsibility has recommended that reciprocal discipline be imposed and that Clyman be suspended from practice in the District of Columbia for ninety-one days, such suspension to take effect *nunc pro tunc* to July 20, 1995, the date of the Supreme Court of Florida's suspension order, with reinstatement conditioned on his proof of fitness to practice law in this jurisdiction.

The Supreme Court of Florida found that Clyman, a State of Florida employee, had violated Rule 3–4.3 (commission of any act which is unlawful or contrary to honesty or justice) and Rule 4–8.4(b) (commission of a criminal act that reflects adversely on the

---

1. In response to the Board's letter of March 5, 1996, Clyman submitted timely affidavits meeting the *Goldberg* and Rule XI § 14(g) require-

ments. *See In re Goldberg,* 460 A.2d 982, 985 (1983).

lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) by obtaining possession of cocaine while on state-authorized travel or business, and found that Clyman's possession of cocaine was more than casual. Clyman was criminally charged with possession of a controlled substance, but successfully completed a court-sponsored drug rehabilitation program.

Clyman does not dispute that he violated Rule 8.4(b) of the D.C. Rules, which is identical to Florida Rule 4–8.4(b); therefore reciprocal discipline is warranted. Nor does he object to the imposition of a ninety-one-day suspension. However, Clyman requests that the requirement that he petition for reinstatement and prove rehabilitation not be imposed, because he has already been reinstated to the Florida Bar after a full evidentiary hearing and upon demonstration of good reputation for moral character and professional ability, as well as rehabilitation with monitoring safeguards.[2]

 D.C. Bar R. XI, § 11(c) creates a rebuttable presumption that the discipline imposed in the original jurisdiction will be reciprocally imposed in the District of Columbia. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); *In re Velasquez*, 507 A.2d 145, 146–47 (D.C.1986). Clyman does not contend that any of the § 11(c) exceptions apply in his case. What he asks, essentially, is that he be automatically reinstated in the District of Columbia because he was reinstated in Florida. We rejected the same argument in *In re Arnett*, 565 A.2d 963 (D.C.1989):

> This court does not adopt summarily even the recommendation of its own Board regarding reinstatement. *See In re Roundtree*, 503 A.2d 1215, 1217 (D.C.1985). Thus, summary reinstatement based on another jurisdiction's decision that the attorney is fit to resume the practice of law would be unwarranted. This court reserves that decision to itself; it will be based on a proceeding before the Board at later date.

*Id.* at 963 n. 1. Nor will we grant summary reinstatement here. In the absence of any other exceptions to the Board's recommendation for reciprocal discipline, we are satisfied that reciprocal discipline, including the requirement that Clyman prove his rehabilitation, should be imposed.

Accordingly, Barry J. Clyman is suspended from the practice of law in the District of Columbia for a period of ninety-one days, such suspension to take effect *nunc pro tunc* to July 20, 1995, with reinstatement conditioned upon proof of rehabilitation pursuant to D.C. Bar R. XI § 16. *See In re Friedman*, 643 A.2d 902 (D.C.1994). In light of the circumstances, Clyman may begin his reinstatement proceedings immediately.

*So ordered.*

---

**2.** Although Clyman filed no brief or petition in this court, he did file a "Position Statement of Respondent" setting forth this request. The Office of Bar Counsel submitted a letter stating that it takes no exception to the report and recommendation of the Board.