In re Kenneth L. HALL, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 421407).

No. 05–BG–883.

District of Columbia Court of Appeals.

April 5, 2007.

Before KRAMER and THOMPSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The respondent, Kenneth L. Hall, is a member of the Bar of this court, as well as those of Colorado and Nevada. He was suspended from the practice of law for forty-days by the Supreme Court of Nevada on July 15, 2004,[1] after having pleaded guilty to gross misdemeanor child abuse and neglect.[2] Respondent reported this discipline to Bar Counsel as required by D.C. Bar R. XI, § 11(b), and Bar Counsel in turn notified this court. We then suspended respondent on an interim basis and directed the Board on Professional Responsibility ("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*.

On December 8, 2006, the Board submitted a report recommending imposition of the identical reciprocal discipline of a forty-day suspension.[3] Respondent did not file affidavits that were in compliance with *In re Goldberg*, 460 A.2d 982, 985 (D.C. 1983) and D.C. Bar R. XI, § 14(g); however, since his attempts to do so had been made in good-faith and were very nearly compliant, the Board further recommended that he be allowed to cure the deficiency by filing a supplemental affidavit within fourteen days from the date of its report. On December 13, 2006, Bar Counsel informed us that he took no exception to the Board's report and recommendation. Respondent has not filed an opposition to the report, but he did submit a timely supplemental affidavit in compliance with Board's recommendation.

Given this lack of exception or opposition, we hereby accept the Board's findings and adopt its recommendations. *See* D.C. Bar R. XI, § 11(f); *In re Goldsborough*, 654 A.2d 1285 (D.C.1995) Accordingly, it is,

ORDERED that Kenneth L. Hall is hereby suspended from the practice of law in the District of Columbia for a period of forty-days, *nunc pro tunc* to July 11, 2001, the date of his interim Nevada suspension.

*So ordered.*

---

1. Respondent was first suspended on July 11, 2001 on an interim basis and was given credit for the forty-four days he served under this temporary suspension.

2. Respondent's conviction was based on his having engaged in sexual activities in his law office with a woman while in the presence and direct view of her three-year-old daughter.

3. The Board concluded, and we agree, that respondent's misconduct in violation of Nevada Supreme Court Rule 203 is also misconduct under D.C. Bar R. 8.4(b) and is thus the basis for imposing reciprocal discipline. D.C. Bar R. XI, § 11(c)(5).