**In re Maria Ines GONZALEZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 439718).**

**No. 07–BG–104.**

District of Columbia Court of Appeals.

Argued Feb. 25, 2009.
Decided March 19, 2009.

Maria Ines Gonzalez, pro se.

William R. Ross, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, and Judith Hetherton, Senior Assistant Bar Counsel, were on the brief, for the Office of Bar Counsel.

Before GLICKMAN and KRAMER, Associate Judges, and BELSON, Senior Judge.

GLICKMAN, Associate Judge:

Maria Ines Gonzalez, the respondent in this reciprocal discipline matter, is admitted to practice law in New Jersey, New York, and the District of Columbia. On

January 23, 2007, the Supreme Court of New Jersey suspended her for three months based on stipulated violations of New Jersey Rules of Professional Conduct 1.15(d) (failing to comply with record keeping rules), 5.3(a) (failing to supervise non-lawyer assistants), 5.4(a) (sharing legal fees with a nonlawyer), 5.5(b) (assisting the unauthorized practice of law), and 8.4(a) (assisting another to violate the Rules of Professional Conduct). Respondent committed these violations by negligently allowing her paralegal and bookkeeper to use her signature stamp on trust account checks (enabling them to steal client funds without her knowledge), and by permitting the paralegal to perform the duties of an attorney in personal injury matters (for example, by attending depositions and appearing in court).

A lawyer who has been suspended for any length of time in New Jersey must apply for reinstatement by filing a petition "setting forth all material facts on which [she] relies to establish fitness to resume the practice of law."[1] The Office of Attorney Ethics[2] did not oppose respondent's petition, and the New Jersey Supreme Court summarily reinstated her on May 25, 2007. In accordance with the terms of its initial order of suspension, the court required respondent as a condition of her reinstatement to practice under the supervision of a monitoring attorney for a period of one year. She satisfactorily completed this requirement.

After respondent reported her New Jersey discipline to Bar Counsel in the District of Columbia, this court entered an order of interim suspension on April 3, 2007, and referred the matter to the Board on Professional Responsibility for its recommendation. Bar Counsel asked the Board to recommend identical reciprocal discipline in the form of a ninety-day suspension with reinstatement conditioned on proof of fitness[3] and supervision by a practice monitor.[4] Respondent opposed further supervision of her practice as unnecessary but otherwise did not object to identical reciprocal discipline. On November 30, 2007, the Board issued its report. The Board recommends that respondent receive a three-month suspension as "functionally equivalent reciprocal discipline." In view of her summary reinstatement in New Jersey, however, the Board recommends that we "dispense" with the requirement that respondent prove fitness as a condition of reinstatement here. In addition, recognizing that respondent's practice is located entirely in New York and New Jersey, and that she already has had the benefit of a practice monitor there for a year, the Board recommends against a requirement of further monitoring in the District of Columbia.

■ Respondent asks us to adopt the Board's recommendation *in toto*. Bar Counsel takes exception to it, however. While agreeing with the recommended period of suspension, Bar Counsel argues that respondent should have to prove her

---

1. N.J. Court Rule 1:20–21(f).

2. The Office of Attorney Ethics is the counterpart in New Jersey of the Office of Bar Counsel in the District of Columbia. *See* N.J. Court Rule 1:20–2.

3. *See* D.C. Bar R. XI, § 3(a)(2) ("Any order of suspension may include a requirement that the attorney furnish proof of rehabilitation as a condition of reinstatement. In the absence

of such a requirement, the attorney may resume practice at the end of the period of suspension[.]").

4. *See* D.C. Bar R. XI, § 16(f) ("The Court may impose such other conditions on reinstatement as it deems appropriate."); *In re Edwards*, 870 A.2d 90, 98–99 (D.C.2005) (conditioning reinstatement following six-month suspension on practice monitoring).

fitness to resume the practice of law as a condition of her reinstatement here, just as she was obligated to demonstrate her fitness in her petition for reinstatement in New Jersey. Bar Counsel also argues that respondent should not be permitted to practice law in the District of Columbia without a practice monitor.

■ This court imposes reciprocal discipline in accordance with the provisions of D.C. Bar R. XI, § 11. We recently amended that section, but the changes, which took effect August 1, 2008, do not affect our disposition of the present case. When a member of our Bar has been disbarred, suspended, or placed on probation by another disciplining court, § 11 continues to "create[ ] a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." [5] Specifically, we "shall impose identical discipline unless the attorney demonstrates by clear and convincing evidence, or the Court finds on the face of the record," [6] that one or more of the following grounds set forth in § 11(c) exists:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia. [7]

As applied to the present case, the norm of identical discipline would mean suspending respondent from the practice of law in the District of Columbia for ninety days and requiring her to demonstrate fitness to be reinstated here. (Given, however, that respondent has completed the full year of attorney supervision required by the Supreme Court of New Jersey, we think that identical discipline does not require imposing *additional* supervisory monitoring in the event she expands her practice to the District of Columbia.) Respondent has not made the showing necessary to justify a departure from the norm of identical discipline, and none of the grounds enumerated in § 11(c) is established on the face of the record before us. That respondent's interim suspension in the District of Columbia has extended well beyond three months does not mean a fitness requirement would "result in grave injustice" within the contemplation of § 11(c)(3), the only arguably applicable ground.

■ The Board recommends dispensing with a fitness requirement because New Jersey summarily reinstated respondent. But reinstatement in the original disciplining jurisdiction—even summary reinstatement with the consent of bar counsel—is not one of the grounds listed in § 11(c), and we have stated repeatedly that it does not warrant automatic reinstatement in the District of Columbia or

5. *In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992).

6. D.C. Bar R. XI, § 11(e); the equivalent language formerly appeared in § 11(f)(2).

7. *Id.* § 11(c).

rebut the presumption that proof of fitness will be required here as a component of identical reciprocal discipline.[8] Whatever the authorities in another jurisdiction may decide regarding an attorney's fitness to resume the practice of law, "[t]his court reserves that decision to itself" based on the proceedings our Rules require.[9] The Board report relies on *In re Willingham*[10] for the proposition that a fitness requirement may be "an unnecessary use of our resources"[11] if the respondent has been reinstated in the original disciplining jurisdiction. *Willingham*, however, was a case in which the presumption of identical reciprocal discipline was rebutted. As all parties and the court agreed, the fourth exception in § 11(c) applied in *Willingham*—the established misconduct warranted substantially different discipline from that imposed by the original jurisdiction.[12] The Board and this court therefore were free in that case, unlike this one, to assess the need for a fitness requirement without being constrained by a (strong) presumption in its favor.

In accordance with our precedents, we shall impose a fitness requirement as a component of identical reciprocal discipline. Whether respondent should be supervised in the event she is allowed to resume the practice of law in the District of Columbia is a question that may await the consideration of her reinstatement petition.[13] We therefore

ORDER that respondent Maria Ines Gonzalez be, and hereby is, suspended from the practice of law in the District of Columbia for ninety days, with reinstatement conditioned on proof of rehabilitation as provided by D.C. Bar R. XI, § 3(a)(2). For the purpose of determining respondent's eligibility for reinstatement, her suspension shall be deemed to run from April 3, 2007, the date of this court's order of interim suspension.[14]

---

8. *See In re Berger*, 737 A.2d 1033, 1045–46 (D.C.1999); *In re Clyman*, 685 A.2d 1169, 1170 (D.C.1996); *In re Arnett*, 565 A.2d 963, 963 n. 1 (D.C.1989). However, if the original disciplining jurisdiction has summarily reinstated an attorney and Bar Counsel here agrees that the attorney has satisfied the criteria for reinstatement in this jurisdiction, we will entertain a motion to vacate the fitness requirement or, equivalently, a motion for expedited reinstatement without the need for a hearing and other proceedings. *See Berger, supra;* D.C. Bar R. XI, § 16(e) ("Uncontested Petitions for Reinstatement"). Bar Counsel normally must investigate and decide whether to contest a petition for reinstatement within sixty days. *See* Board Rules 9.5, 9.6.

9. *Clyman*, 685 A.2d at 1170 (quoting *Arnett*, 565 A.2d at 963 n. 1).

10. 717 A.2d 342 (D.C.1998).

11. *Id.* at 346.

12. *Id.* at 344–45.

13. *See In re Kuhn*, 764 A.2d 239, 240 n. 1 (D.C.2000).

14. In directing that respondent's suspension run from April 3, 2007, we follow the Board's unopposed recommendation to accept the affidavit she filed on March 6, 2007, and supplemented on December 7, 2007, as timely and sufficient compliance with D.C. Bar R. XI, § 14(g). *See id.* § 16(c); *In re Hall*, 920 A.2d 429, 429 (D.C.2007); *In re O'Toole*, 877 A.2d 151, 153–54 (D.C.2005).