*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-730**

IN RE KIMBERLY MARIE SWIERENGA,

**DDN: 2021-D221**

An Inactive Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1026464**

BEFORE: McLeese and Howard, Associate Judges, and Ferren, Senior Judge.

### O R D E R
(FILED— December 1, 2022)

On consideration of the certified order from the state of California suspending respondent from the practice of law for one year, fully stayed in favor of one year of probation; this court's September 30, 2022, order suspending respondent pending final disposition of this proceeding and directing her to show cause why reciprocal discipline should not be imposed; respondent's response requesting the substantially different discipline of a private admonition and that discipline be imposed concurrent to the California discipline; respondent's D.C. Bar R. XI, § 14(g) affidavit filed on October 31, 2022, in which she states that she has not practiced law in the District of Columbia since her California suspension; and the statement of Disciplinary Counsel, which acknowledges that respondent notified Disciplinary Counsel of the California discipline; and it appearing that respondent has lodged a copy of the final probation report from California, it is

ORDERED, sua sponte, that respondent's lodged final probation report is filed. It is

FURTHER ORDERED that Kimberly Marie Swierenga is hereby suspended from the practice of law in the District of Columbia for a period of one year, nunc pro tunc to November 17, 2021, fully stayed subject to compliance with the probationary terms imposed in California. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition

of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). Respondent's satisfaction of most of the conditions of her California suspension does not fall into any of the exceptions to reciprocal discipline in D.C. Bar R. XI, § 11(c). *Cf. In re Gonzalez*, 967 A.2d 658, 660 (D.C. 2009) ("[R]einstatement in the original disciplining jurisdiction . . . is not one of the grounds listed in § 11(c)[.]"). Further, "reciprocal discipline proceedings are not a forum to reargue the foreign discipline," *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003), and respondent was able to present mitigating circumstances during the California proceedings.

**PER CURIAM**