**In re Melvin C. BELLI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1625.**

District of Columbia Court of Appeals.

Submitted Dec. 18, 2000.

Decided Jan. 25, 2001.

Before STEADMAN, FARRELL, and GLICKMAN, Associate Judges.

PER CURIAM:

Respondent was suspended from the practice of law in California, with a portion of the suspension stayed in favor of probation. The discipline stemmed from respondent's conversion to his own use of money from an oral trust established by his father (Melvin Belli, Sr.) on behalf of respondent and his then-minor sister. Respondent had been made trustee and administrator of the trust. His misappropriation of the funds was stipulated in California to have resulted from "gross negligen[ce]." In keeping with the California discipline, the Board recommends that respondent (1) be suspended from practicing law in the District of Columbia for two years, with a showing of fitness required for reinstatement, but (2) be permitted to seek a vacatur of the sanction upon a showing that he has satisfied the requirements of probation imposed by California.

■■■ The matter is before us on the recommendation of the Board on Profes-

---

sional Responsibility for reciprocal discipline. In such a case both D.C. Bar R. XI, § 11 and notions of comity dictate that we give deference to the assessment of an attorney's conduct and the measure of discipline imposed by the other jurisdiction. *See In re Velasquez,* 507 A.2d 145, 147 (D.C.1986) ("[T]here is merit in the idea of granting due deference—for its sake alone—to the opinions and actions of a sister jurisdiction with respect to attorneys over whom we share supervisory authority."). Moreover when, as in this case, neither the respondent nor Bar Counsel has objected to the Board's recommended discipline, the deference we normally afford to the Board's recommendation, *see* Rule XI, § 9(g), is reinforced. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995).

Partly because of these considerations, we elect not to resolve in this case a potentially important question raised by California's determination that respondent acted with "gross negligen[ce]" in misappropriating funds from the family trust. The Board's recommendation of suspension for two years (or less) could be read to be inconsistent with our holding in *In re Addams,* 579 A.2d 190 (D.C.1990) (en banc), that "in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from *nothing more than simple negligence.*" *Id.* at 191 (emphasis added); *see In re Cooper,* 591 A.2d 1292, 1298 (D.C.1991) (remanding to Board for consideration of whether attorney's conduct involved "something more serious than simple negligence."). In this case, however, besides the fact that we deal with an unopposed recommendation for reciprocal discipline, the record before us is too sparse to enable us to assess—even within the limitations of a reciprocal proceeding—the degree of negligence involved in respondent's conduct.*

* That record does suggest, however, that respondent's behavior occurred as part of what appears to have been a family affair rather

It is, therefore, ORDERED that respondent be suspended from the practice of law in the District of Columbia in accordance with the recommendation of the Board set forth above. This order is contingent upon respondent's compliance with the other terms and conditions of probation imposed by California. The sanction shall run *nunc pro tunc* from July 21, 1999, the date of the California suspension, respondent having complied with the requirements for receiving such retroactive treatment. *See In re Slosberg,* 650 A.2d 1329 (D.C.1994)

*So ordered.*

than in the context of an attorney-client relationship. *See In re Confidential,* 664 A.2d 364, 367–68 (D.C.1995).