**In re Michael BAUER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 936211).**

**No. 06–BG–1404.**

District of Columbia Court of Appeals.

Sept. 27, 2007.

Before FARRELL and RUIZ, Associate Judges, and TERRY, Senior Judge.

PER CURIAM:

Respondent, Michael Bauer, is a member of the bar of this court and the Illinois bar, but he contends he has not practiced law during the past twenty years. This reciprocal disciplinary matter stems from respondent's suspension by the Supreme Court of Illinois for a period of nine months.

The Illinois matter was resolved by consent, wherein respondent acknowledged that he served as the trustee for a trust created by his brother and, pursuant to the trust instrument's authorization that the trustee could borrow money, he exercised that privilege. However, he failed to repay the loans. Based on the stipulated facts and his consent to the sanction, respondent was found to have breached his fiduciary obligations and violated the Illinois Rules of Professional Conduct and Illinois Supreme Court Rules. On September 21, 2006, the Supreme Court of Illinois suspended respondent for nine months. He promptly reported the suspension to D.C. Bar Counsel. After receiving a copy of the Illinois discipline, we suspended respondent on December 28, 2006, on an interim basis and directed the Board of Professional Responsibility ("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo.* See D.C. Bar R. XI, § 11.

In its Report and Recommendation, submitted on June 28, 2007, the Board recommended that respondent receive the identical reciprocal discipline of a nine-month suspension, and that for the purposes of reinstatement the suspension should be deemed to run from the date he files an affidavit in compliance with D.C. Bar R. XI, § 14(g). Neither Bar Counsel nor respondent has taken exception to the Board's Report and Recommendation. Considering the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions

---

are filed, *see* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C. 1997), and the absence of any mitigating circumstance in the record, we adopt the Board's recommendation. *See In re Belli,* 766 A.2d 526 (D.C.2001) (imposing identical reciprocal two-year suspension with a fitness requirement based upon improper conversion of funds from an oral trust, but respondent permitted to seek vacatur upon compliance with probationary requirement imposed by State of California). Accordingly, it is

**ORDERED** that Michael Bauer is suspended from the practice of law in the District of Columbia for a period of nine months. Since respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*