**In re Barry J. CLYMAN, Petitioner.**

**No. 97–BG–1211.**

District of Columbia Court of Appeals.

Submitted Feb. 3, 1998.
Decided July 2, 1998.

---

Barry J. Clyman, pro se.

Leonard H. Becker, Bar Counsel, and Michael S. Frisch, Senior Assistant Bar Counsel, for respondent, the Office of Bar Counsel.

Before TERRY, STEADMAN, and REID, Associate Judges.

TERRY, Associate Judge:

Petitioner, Barry J. Clyman, seeks reinstatement in the District of Columbia Bar under D.C. Bar Rule XI, § 16(d). In December 1996, in a reciprocal disciplinary proceeding from Florida, this court suspended him for a period of ninety-one days, with reinstatement conditioned on proof of rehabilitation. The Board on Professional Responsibility ("the Board") now recommends that Mr. Clyman be reinstated, and Bar Counsel does not object. We adopt the Board's recommendation and order Mr. Clyman reinstated as of the date of this opinion.

Mr. Clyman was admitted to the practice of law in Florida in 1972 and in the District of Columbia in 1976. In December 1993 he was arrested in Florida and charged with felony possession of cocaine.[1] The charges were dismissed on the condition that he abstain from drugs and alcohol and attend a treatment program. On January 17, 1995, Mr. Clyman successfully completed a court-sponsored drug rehabilitation program. At the Florida disciplinary hearing, he testified that he had not used cocaine since August 1993 and would never do so again.

On July 20, 1995, the Supreme Court of Florida suspended Mr. Clyman from the practice of law for ninety-one days, requiring proof of rehabilitation as a condition of reinstatement, and placed him on probation for one year for violations of Florida Rules 3–4.3 (prohibiting any act by a lawyer which is unlawful or contrary to honesty and justice)

and 4–8.4(b) (prohibiting any criminal act by a lawyer that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects). A few weeks later, he entered a rehabilitation program supervised by Florida Lawyers' Assistance, Inc. The executive director of that program testified at Mr. Clyman's reinstatement hearing in Florida that Clyman had completed all of the requirements of the program "with extreme diligence." His petition for reinstatement to the Florida Bar was granted on April 17, 1996, and Mr. Clyman was reinstated, with probation until January 17, 1998.

While Mr. Clyman was still under suspension in Florida, Bar Counsel began a reciprocal disciplinary proceeding against him in the District of Columbia. As required by D.C. Bar Rule XI, § 11(d), this court on March 25, 1996, suspended him from the practice of law in the District of Columbia pending final disposition of the reciprocal proceeding. The Board in due course recommended a sanction identical to that imposed in Florida: a ninety-one day suspension, with a requirement that Mr. Clyman demonstrate fitness prior to reinstatement. This court accepted that recommendation and suspended him for ninety-one days, retroactive to July 20, 1995, the date of his Florida suspension. *In re Clyman*, 685 A.2d 1169 (D.C.1996).

At the Board's suggestion, Mr. Clyman filed a petition for reinstatement to the District of Columbia Bar while his case was still pending before this court. A hearing committee of the Board held a hearing and later filed a report, concluding that Mr. Clyman had "demonstrated that he possesses the requisite qualifications and competence to practice law." The committee recommended Mr. Clyman's reinstatement. The Board and Bar Counsel both agree with that recommendation, noting that Mr. Clyman has already been reinstated in Florida.

This court has the ultimate authority to decide whether to grant a petition for reinstatement. *See* D.C. Bar Rule XI, § 16(e).[2] "Although the recommendations of

---

1. Mr. Clyman later testified that he had picked up the cocaine for a friend shortly before he was arrested and that he himself had previously used cocaine on four or five occasions.

2. Rule XI, § 16(e) provides in part:
   *Petitions for reinstatement—Action by the Court.* Upon the filing of the Board's findings and recommendation, the Court shall schedule

the Board and Hearing Committee are entitled to great weight, this court must determine independently whether an attorney meets the criteria for reinstatement." *In re Bettis*, 644 A.2d 1023, 1027 (D.C.1994) (citations omitted). Under Rule XI, § 16(d), the suspended attorney has the burden of proving his or her fitness to return to the practice of law by clear and convincing evidence. *In re Brown*, 617 A.2d 194, 197 (D.C.1992); *In re Roundtree*, 503 A.2d 1215, 1216–1217 (D.C. 1985). This court in *Roundtree* listed five specific factors for the Board and the court to consider in determining whether an attorney should be reinstated:

> (1) the nature and circumstances of the misconduct for which the attorney was disciplined; (2) whether the attorney recognizes the seriousness of the misconduct; (3) the attorney's conduct since discipline was imposed, including steps taken to remedy past wrongs and prevent future ones; (4) the attorney's present character; and (5) the attorney's present qualifications and competence to practice law.

*Id.* at 1217 (citations omitted). We also held that "[i]n any reinstatement case, primary emphasis must be placed on the factors most relevant to the grounds upon which the attorney was suspended or disbarred." *Id.* We must therefore focus our attention mainly on Mr. Clyman's drug conviction and its aftermath, as well as the likelihood of his reverting to the use of illicit drugs.

■ Although Mr. Clyman's conduct plainly demonstrated a lack of respect for the law, he testified at his reinstatement hearing that

he fully recognized the seriousness of his misconduct and had taken steps, including the successful completion of two separate drug treatment programs, to remedy his past wrongs. Unlike, for example, the attorney in *In re Brown, supra*, he candidly admitted that what he did was not only unlawful but incompatible with his obligations as an attorney.[3] Before the hearing committee Mr. Clyman acknowledged that what he did "was a crime. And not only was I punished, which I deserved, but other people who did not deserve it were punished." He has not engaged in any kind of professional misconduct since the December 1993 incident and is now successfully employed in Florida. From the record before us, we conclude that Mr. Clyman has attained the rehabilitation which our cases require, and that he should therefore be allowed to practice law once again in the District of Columbia.

It is therefore ORDERED that petitioner, Barry J. Clyman, is reinstated forthwith to full membership in the District of Columbia Bar.

Associate Judge STEADMAN concurs in the result. See the final sentence of D.C. Bar Rule XI, § 16(e), added by amendment in 1996 and quoted in note 2, supra.

---

the matter for consideration in accordance with the general rules governing civil appeals.... If the petition is unopposed, the Court in its discretion may grant it, or may enter any other appropriate order, without further briefing or argument.

3. *See also In re Borders*, 665 A.2d 1381, 1383–1384 (D.C.1995) (denying reinstatement to dis-

barred attorney who refused, *inter alia*, to acknowledge the illegality of the conduct that led to his disbarment, but instead referred to his criminal acts as an "aberration," like "a runaway train off the tracks").