**In re Leonard L. CASALINO, Petitioner.**

**No. 99–BG–650.**

District of Columbia Court of Appeals.

Submitted Nov. 5, 1999.

Decided Dec. 9, 1999.

Melvin G. Bergman for petitioner.

Leonard H. Becker, Bar Counsel at the time the record was filed, and Michael S. Frisch, Senior Assistant Bar Counsel, for respondent, the Office of Bar Counsel.

Before TERRY and FARRELL, Associate Judges, and BELSON, Senior Judge.

TERRY, Associate Judge:

Petitioner, Leonard Casalino, seeks reinstatement as a member of the District of Columbia Bar. This court disbarred him after he had been convicted on a plea of guilty in a federal court to a felony charge of tax fraud. *In re Casalino,* 697 A.2d 11 (D.C.1997) (*Casalino I* ). His disbarment was made retroactive to April 16, 1993, the date on which we had temporarily suspended him pending completion of our disciplinary proceedings. *See* D.C. Bar Rule XI, § 10(c).

Mr. Casalino became eligible in April 1998 to seek reinstatement to membership in our bar. *See* D.C. Bar Rule XI, § 16(a). After a hearing on his petition for reinstatement, a hearing committee of the Board on Professional Responsibility found that he had met his burden under *In re Roundtree,* 503 A.2d 1215, 1217 (D.C.1985). The committee noted that he had acknowledged the seriousness and wrongfulness of his conduct to his family, friends, and co-workers, had worked for other lawyers as a paralegal and an investigator, had filed his federal and state tax returns in a timely manner, had attended ethics courses during the period of his disbarment, and had worked as a volunteer coach for a youth lacrosse team. His petition was also supported by letters from numerous judges, lawyers, and other persons. The hearing committee accordingly recommended reinstatement.

■ The Board on Professional Responsibility ("the Board") accepted the hearing committee's findings and recommendation. Bar Counsel also has taken the position that Mr. Casalino has made a sufficient showing of eligibility for reinstatement and thus does not oppose his petition. The sole issue before this court, therefore, is whether Mr. Casalino has adequately demonstrated, by clear and convincing evidence, that he is fit to resume the practice of law. Upon review of the record and recommendations, we conclude that he should be reinstated.

■ This court has final authority to decide whether a petition for reinstatement should be granted. *See In re Clyman,* 713 A.2d 313, 314 (D.C.1998); *In re Roundtree,* 503 A.2d at 1217 ("the ultimate decision on whether an attorney is reinstated is ours alone" (citations omitted)). To obtain reinstatement after suspension or disbarment, a petitioner must prove, by clear and convincing evidence, that he "has the moral qualifications, competency, and learning in the law required for readmission" and that "[his] resumption of the practice of law ... will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest." D.C. Bar Rule XI, § 16(d).

Mr. Casalino was disbarred because he committed a serious felony involving moral turpitude. Over a three-year period he knowingly and wilfully evaded his lawful obligation to pay income taxes, depriving the government of approximately $30,000 in tax revenue. *See Casalino I,* 697 A.2d at 12 & n. 3. Although we do not ignore or discount the gravity of his offense, we are satisfied that the record before us supports the recommendations of the hearing committee and the Board.

The hearing committee found, first of all, that Mr. Casalino "recognizes the seriousness of his misconduct." His testimony and that of his character witnesses, along with evidence of his regular participation in ethics classes, supports the conclusion that he accepts responsibility for his misconduct, understands the reasons that motivated it, and is unlikely to engage in any similar behavior in the future. He has acknowledged the consequences of "violat[ing] the law either morally or otherwise ... and what it can do to an individual as far as the guilt feelings associated with committing a crime, the process you go through, [and] what it does to your family ." In addition, each of the witnesses before the hearing committee testified that Mr. Casalino had consistently shown remorse for his actions and for the harm he

had caused to his family and others. Also before the hearing committee were thirty-eight letters from lawyers, legislators, associates, and friends, all of whom described his honesty and candor in facing up to the wrongfulness of his actions and never minimizing their severity.

The committee further found that Mr. Casalino's "post-discipline conduct has been exemplary." The record shows that he has been working as a paralegal and investigator since his disbarment, with no apparent problems. Members of a law firm where he is presently employed state that Mr. Casalino is "extremely knowledgeable and possesses the appropriate legal qualifications to be reinstated."

Finally, the committee found that "petitioner had demonstrated his present competence to practice law," always an important factor under *Roundtree*. *See* 503 A.2d at 1218. His petition for reinstatement was supported by letters of recommendation from seventeen Maryland judges and endorsed by several Maryland attorneys for whom he had worked as a paralegal since his disbarment. In addition, Mr. Casalino has taken a number of legal ethics courses and, again as in *Roundtree*, his "present qualifications and competence to practice law are not questioned by anyone." *Id.*

Recognizing that the Board's findings and recommendations "are entitled to great weight," *In re Borders*, 665 A.2d 1381, 1382 (D.C.1995) (citation omitted), and noting that Bar Counsel raises no objection, we conclude that Mr. Casalino has shown by clear and convincing evidence that he has met the requirements of *Roundtree* and other cases, and that his petition for reinstatement should be granted. It is therefore

ORDERED that petitioner, Leonard L. Casalino, is hereby reinstated to membership in the bar of this court, effective immediately.