**In re John M. SPIRIDON, Petitioner.**

**No. 02–BG–787.**

District of Columbia Court of Appeals.

Submitted Jan. 30, 2003.
Decided Feb. 13, 2003.

Before FARRELL, Associate Judge, and BELSON and FERREN, Senior Judges.

PER CURIAM:

John M. Spiridon petitioned the Board on Professional Responsibility for reinstatement to the Bar of the District of Columbia. This court had suspended him on July 13, 2000, for one year based upon his 1995 conviction of misdemeanor theft; reinstatement was conditioned upon a demonstration of fitness. *See In re Spiri-*

*don*, 755 A.2d 463, 469 (D.C.2000). The Board recommends that the petition for reinstatement be denied. Bar Counsel takes no exception to the Report and Recommendation of the Board, and petitioner has filed no submission in this court.*

To be reinstated, petitioner was required to show by clear and convincing evidence that he "has the moral qualifications, competency, and learning in law required for readmission" and that his reinstatement "will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest." D.C. Bar R. XI, § 16(d). The Board carefully considered the five factors relevant to that showing, *see In re Roundtree*, 503 A.2d 1215, 1217 (D.C.1985), and concluded that petitioner had failed to satisfy two of them. Specifically, Spiridon's evidence of rehabilitation and treatment related to his past alcohol abuse, stress, and depression was insufficient to establish that he had taken adequate steps to prevent future misconduct. Spiridon's "treatment and monitoring," the Board determined, was "haphazard and without continuity" and "entirely self-regulating," in that it lacked any "safeguards or organized support" and was without "any semblance of accountability." The Board further concluded that Spiridon had failed to establish that he is presently qualified and competent to practice law, inasmuch as he "has never held an attorney's job or practiced law as an attorney" and "has not taken continuing legal education courses since at least 1995."

---

* At the conclusion of its report the Board suggested that petitioner might want to withdraw his petition for reinstatement and resubmit it when able to remedy the deficiencies in his proof of current fitness. *See In re Tinsley*, 668 A.2d 833, 838 n. 2 (D.C.1995). The record before us contains no indication that petitioner availed himself of that suggestion.

1. Respondent was later held in criminal contempt for violating the suspension order by

For the reasons stated by the Board, we agree that Spiridon has failed to carry the burden of demonstrating that he is fit to be reinstated to the Bar. Accordingly, it is

ORDERED that Spiridon's petition for reinstatement to the Bar of the District of Columbia is denied.

*So ordered.*