**In re Adam Hosea LEVI, Applicant.**

**No. 03–BG–1334.**

District of Columbia Court of Appeals.

June 3, 2004.

Before: STEADMAN and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

**O R D E R**

PER CURIAM.

The District of Columbia Committee on Admissions ("Committee") has submitted its findings, conclusions and favorable recommendation concerning Adam Hosea Levi's application for admission to the District of Columbia Bar. According to the report, Mr. Levi was convicted of grand larceny in 1992, thus implicating the considerations discussed at length in *In re Manville,* 538 A.2d 1128 (D.C.1988) (en banc). In making its assessment of Mr. Levi's rehabilitation and present good moral character, the Committee did not hold its own hearing but instead relied upon proceedings in Maryland that led to his admission to the Maryland Bar in 2001. We conclude that this procedure was inappropriate in the circumstances of this case.

Following Mr. Levi's application for admission to the Maryland Bar, the four-member Maryland Character Committee for the Seventh Judicial District conducted a formal hearing on March 22, 1999. The Character Committee unanimously recommended that the application be denied. It found, among other things, that at the hearing, Mr. Levi had no remorse, that he had attempted to minimize the seriousness of his offense, and that he was not credible. This negative report was submitted to the Maryland State Board of Law, which proceeded to hold its own hearing on March 5, 2001. The four members of that hearing panel unanimously and contrary to the Character Committee found that Mr. Levi had met his burden of showing that he presently possesses good moral character and fitness and recommended to the Maryland Court of Appeals that he be admitted, which occurred on May 31, 2001.

Our Committee on Admissions, for its own purposes, reviewed and adopted the favorable report of the Maryland State Board in lieu of holding its own hearing.

Based upon its careful consideration of the extensive investigation and findings in Maryland, as well as its own record (including favorable character references and recommendations), the Committee concluded that Mr. Levi has fully rehabilitated himself and presently possesses the requisite good character and fitness to practice law.

In its report, the Committee notes that this court has tacitly approved the practice, even in *Manville* situations, of relying on findings of fact made by another jurisdiction's bar admission authorities and approved by that jurisdiction's highest court where such findings provide sufficient information about an applicant's character, beginning with *In re Ambrose*, No. 96–BG–481, filed June 4, 1996. With specific reference to Maryland, on at least four prior occasions, *In re Kubli*, No. 01–BG–279, *In re Buie*, No. 01–BG–140, *In re Okezie*, No. 02–BG–452, and *In re Tabasso*, No. 02–BG–1090, this court has followed a similar process and permitted the Committee to adopt findings from the Maryland proceedings. As the Committee points out, this procedure can obviate the inefficient and unnecessary use of the limited resources of the court and the Committee in duplicating a hearing record already compiled in Maryland.

However, there is a crucial distinction between those prior cases and the one before us. In all the cited prior instances, all participants in the foreign jurisdiction's admission proceedings were unanimous in their favorable findings. Here, we are presented with a record showing a serious split of views, albeit sequential, in Maryland regarding the rehabilitation of the applicant. The Committee's report specifically acknowledges "our belief that our recommended procedure does not detract from the Court of Appeals' ultimate authority to determine an applicant's eligibility to practice in the District of Columbia.... Rather, as we suggested in

*Ambrose*, only the facts found by another jurisdiction after investigation and hearing can be an acceptable substitute for facts found by the Committee after a similar process." Upon the record before the court, we are not satisfied that conflicting findings can serve as an acceptable substitute. This is most notably the case where the searching inquiry dictated by *Manville* is at stake.

Accordingly, upon consideration of the report and recommendation of the Committee on Admissions, and it appearing that the Maryland Character Committee and the Maryland State Board arrived at different conclusions regarding the applicant's rehabilitation and credibility, it is

ORDERED that this matter is hereby remanded to the Committee for further proceedings consistent with D.C.App. R. 46(d)–(f).

NEBEKER, Senior Judge, concurring.

Mr. Levi was found to have prevaricated before the Maryland Character Committee. By the time he got before the Maryland State Board, he had apparently profited by his experience before the Committee. His change of attitude and approach brought success. However, the Board made a *de novo* determination; it did not purport to review the Committee's findings or find them erroneous or unsupported. So those findings, particularly as to the lack of credibility, remain to stain his moral fitness to practice law in the District of Columbia.

Should Mr. Levi see fit to pursue a Rule 46(f) hearing, I remind the Committee on Admissions of what the Board on Professional Responsibility said of a reinstatement case, *In re Sheldon I. Matzkin*, No. 03–BG–1258, 850 A.2d 310 (D.C.2004). In recommending against Matzkin's reinstate-

ment, the Board applied the five *Roundtree*[1] factors, and then observed:

> *Roundtree* and its progeny do not require a detailed confession of past wrongs. They do not require emotional testimony concerning redemption or rehabilitation. To impose such requirements would favor the Petitioner most schooled in the art of revealing emotions to persuade and manipulate.

Indeed, the Committee on Admissions filed a Recommendation against admission in *In re Sharon Michelle Zelman* on May 13, 2004, No. 04–BG–479, wherein its Chairman noted the standard of clear and convincing evidence, and quoted Justice Frankfurter as we had in *In re Demos*, 579 A.2d 668 (D.C.1990) (en banc). We are "unpersuaded that [the applicant] possesses those qualities of truth-speaking, of a high sense of honor, of granite discretion, of the strictest observance of the fiduciary responsibility, that have … been compendiously described as [the] 'moral character' necessary for the practice of law." *Id.* at 674 (citation omitted).

I do not understand that our remand here compels a hearing unless Levi requests one, and even then the Committee may, as it did in *Zelman*, indicate an unwillingness to certify Levi and give him the options of withdrawing his application or requesting a hearing. Despite the fact that the Committee, itself, found Zelman to be untruthful, and it was the Maryland Committee that found Levi to be untruthful, the similarity between these two applicants is inescapable.

---

1. *In re Roundtree*, 503 A.2d 1215 (D.C.1985).