**In re Gary A. COURTOIS, Petitioner.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 302539).**

**No. 06–BG–1498.**

District of Columbia Court of Appeals.

Submitted July 3, 2007.

Decided July 12, 2007.

Revised Aug. 2, 2007.

Before THOMPSON, Associate Judge, and PRYOR and NEBEKER, Senior Judges.

PER CURIAM:

Petitioner Gary A. Courtois was disbarred in this jurisdiction in 1998 due to his conviction for tax evasion. *See In re Courtois*, 720 A.2d 560 (D.C.1998). Both the Board on Professional Responsibility ("the Board") and its Hearing Committee have concluded that petitioner is fit to practice law.[1] They recommend that petitioner be reinstated, subject to the condition that petitioner prove his compliance with the Offer in Compromise ("OIC") that the Internal Revenue Service accepted on April 11, 2007. *See* D.C. Bar R. XI, § 16(d), (f). Bar Counsel formally withdrew its exception to the Board's recommendation once petitioner filed the IRS's acceptance of the OIC.

"This court has final authority to decide whether a petition for reinstatement should be granted." *See In re Casalino*, 741 A.2d 38, 39 (D.C.1999). Pursuant to D.C. Bar R. XI, § 16(d), to be reinstated, petitioner must prove by clear and convincing evidence "(1) [t]hat [he] has the moral qualifications, competency, and learning in law required for readmission; and (2)[t]hat [his] resumption of the practice of law ... will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest." In *In re Roundtree*, 503 A.2d 1215, 1217 (D.C.1985), we held that in applying Rule XI, § 16(d), formerly Rule XI, § 21(5), one of the five factors we must consider is petitioner's "conduct since discipline was imposed, including the steps taken to remedy past wrongs...."

In *In re Kerr*, 675 A.2d 59, 60 (D.C. 1996), we held that the restitution requirement was met where the petitioner: (1)

---

1. Specifically, the Hearing Committee noted that petitioner acknowledged the seriousness and wrongfulness of his conduct, had worked for other lawyers as a paralegal and an investigator, had kept up with the law, and had paid his taxes since his release from prison.

acknowledged the financial harm that resulted from his misconduct, and (2) took reasonable steps to make restitution. Here, the Board found that petitioner has made significant efforts over the past several years to reach an OIC with the IRS. In addition, petitioner has shown that the IRS accepted the OIC. Thus, we conclude that petitioner met his burden of proving fitness to practice law. Moreover, we adopt the Board's suggestion to implement a condition of reporting to ensure compliance with the restitution obligation. D.C. Bar R. XI, § 16(f).

Accordingly, we grant the petition for reinstatement with the following condition: petitioner shall submit to Bar Counsel and the Board, on a semi-annual basis, notification and proof of payments in compliance with the terms of the OIC until such time as he has paid restitution in full. Petitioner is hereby reinstated to the Bar of the District of Columbia, effective immediately. *See* D.C. Bar R. XI, § 16(a).

*So ordered.*